**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 8 2005**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

STATE OF UTAH; UTAH SCHOOL
AND INSTITUTIONAL LANDS
ADMINISTRATION; and UTAH
ASSOCIATION OF COUNTIES,

        Plaintiffs - Appellees,

v.

GALE NORTON, Secretary of the
Interior; KATHLEEN CLARK,
Director of the Bureau of Land
Management; and BUREAU OF
LAND MANAGEMENT,

        Defendants - Appellees,

SOUTHERN UTAH WILDERNESS
ALLIANCE; THE WILDERNESS
SOCIETY; ARIZONA WILDERNESS
ALLIANCE; FRIENDS OF NEVADA
WILDERNESS; NATURAL
RESOURCES DEFENSE COUNCIL;
BIODIVERSITY CONSERVATION
ALLIANCE; CALIFORNIA
WILDERNESS COALITION; IDAHO
CONSERVATION LEAGUE; NEW
MEXICO WILDERNESS ALLIANCE;
and COLORADO
ENVIRONMENTAL COALITION,

        Defendants - Intervenors -
Appellants.

No. 03-4147

HON. BRUCE BABBITT, MICHAEL "MIKE" DOMBECK, PATRICK SHEA, JIM BACA, ED HASTEY, JIM RUCH, MATHEW MILLENBACH, MARTHA HAHN, AND BOB BUFFINGTON; NATIONAL WILDLIFE FEDERATION; NEW MEXICO WILDLIFE FEDERATION; IDAHO WILDLIFE FEDERATION; WYOMING WILDLIFE FEDERATION; FAR OUT EXPEDITIONS; BRUCE HUCKO; PROFESSORS OF NATURAL RESOURCES LAW; GREGORY ALAN HICKS, Professor; ROBERT B. KEITER, Professor; BLUERIBBON COALITION AND UTAH SHARED ACCESS ALLIANCE; INDEPENDENT PETROLEUM ASSOCIATION OF MOUNTAIN STATES,

Amici Curiae.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH (D.C. No. 2:96-CV-870-DB)**

---

James S. Angell, Earthjustice (Edward B. Zukoski and Eric Biber, Earthjustice, Denver, Colorado; Stephen H.M. Bloch and Heidi J. McIntosh, Southern Utah Wilderness Alliance, Salt Lake City, Utah, with him on the briefs), for Defendants-Intervenors-Appellants.

Constance E. Brooks, C.E. Brooks & Associates, PC (Michael B. Marinovich, C.E. Brooks & Associates, PC, Denver CO; Mark Shurtleff, Attorney General of Utah, J. Mark Ward, Assistant Attorney General, and John W. Andrews, Special Assistant Attorney General, on the briefs), for Plaintiffs-Appellees.

2

Todd S. Aagaard, Attorney, (Thomas L. Sansonetti, Assistant Attorney General, and Paul B. Smyth, of Counsel, U.S. Department of the Interior, Offfice of the Solicitor, Washington, D.C. with him on the brief) Environment and Natural Resources Division, United States Department of Justice, Washington, DC, for Defendants - Appellees.

Laurens H. Silver, Mill Valley, California filed a brief for Amici Curiae Bruce Babbitt, Michael Dombeck, Patrick Shea, Jim Baca, Ed Hastey, Jim Ruch, Mathew Millenbach, and Martha Hahn, Bob Buffington in support of Appellants.

David A. Churchill, Jenner & Block, LLP; Kathy C. Weinberg, Dallas, Texas; Amanda S. Amert, Chicago, Illinois, filed a brief for Amicus Curiae Professors Gregory Alan Hicks and Robert B. Keiter.

Brian B. O'Neill, Richard A. Duncan, Jonathan W. Dettmann, and Craig S. Coleman, Faegre and Benson, LLP, Minneapolis, Minnesota, filed a brief for Amici Curiae Professors of National Resources Law in support of Appellants.

Michael Saul and Thomas D. Lustig, National Wildlife Federation, Boulder, Colorado, filed a brief for Amici Curiae National Wildlife Federation, New Mexico Wildlife Federation, Idaho Wildlife Federation, Wyoming Wildlife Federation, Far Out Expeditions, and Bruce Hucko, in support of Appellants.

Andrew Bremner, Independent Petroleum Association of Mountain States, Denver, Colorado, filed a brief for Amicus Curiae Independent Petroleum Association of Mountain States in support of Plaintiffs-Appellees.

Paul A. Turcke, Moore Smith Buxton & Turcke, Chartered, Boise, Idaho, filed a brief for Amici Curiae BlueRibbon Coalition and Utah Shared Access Alliance, in support of Plaintiffs-Appellees.

---

Before **BRISCOE** , **MURPHY** , and **O'BRIEN** , Circuit Judges.

---

**BRISCOE,** Circuit Judge.

---

Appellants, Southern Utah Wilderness Alliance, Wilderness Society, New

Mexico Wilderness Alliance, Arizona Wilderness Alliance, Friends of Nevada Wilderness, and Colorado Environmental Coalition (collectively SUWA), and the National Resources Defense Council, Biodiversity Conservation Alliance, California Wilderness Coalition, and Idaho Conservation League (collectively NRDC), all of whom are intervenors in the original action, appeal the district court's order approving a settlement and granting a motion to dismiss filed by the State of Utah, Utah School and Institutional Trust Lands Administration, Utah Association of Counties (collectively the Plaintiffs), the Secretary of the Interior, the United States Department of the Interior, the Director of the Bureau of Land Management, and the Bureau of Land Management (collectively the Defendants). Appellees, the Plaintiffs and the Defendants in the original action, have moved to dismiss this appeal for lack of appellate jurisdiction. We conclude the appeal is interlocutory and grant the motions to dismiss.

## I.

This case presents a highly unusual procedural history which resulted in the premature filing of this appeal, and which also necessitates our dismissal of the appeal as interlocutory. This case was filed in 1996 by the Plaintiffs to halt a wilderness inventory to assess whether several million acres in Utah met criteria for wilderness eligibility. In October 1996, the district court granted Plaintiffs' motion for a preliminary injunction to halt the wilderness inventory. Defendants

4

appealed, and we vacated the injunction on the grounds that Plaintiffs lacked standing to challenge the inventory. Utah v. Babbitt, 137 F.3d 1193, 1216 (10th Cir. 1998). We remanded with instructions to dismiss seven of Plaintiffs' causes of action challenging the inventory and for further consideration of Plaintiffs' single noninventory-related cause of action. Id. On remand, the district court dismissed all of Plaintiffs' inventory-related claims and the wilderness inventory went forward.

Five years later, on March 31, 2003, Plaintiffs sought leave to file a third amended complaint. On April 10, 2003, SUWA filed a motion to intervene and a proposed answer to the third amended complaint. On April 11, 2003, Defendants filed a response to Plaintiffs' motion for leave to file a third amended complaint, but on the same day, Plaintiffs and Defendants filed a stipulation and joint motion for an order to approve a settlement and to dismiss the third amended complaint. On April 14, 2003, the district court filed an order granting the joint motions to approve the settlement and to dismiss the third amended complaint. On the same date, the clerk of the court closed the case, indicating on the court's docket: "Case closed per order no. 187."[1] However, no final judgment was entered pursuant to Fed.R.Civ.P. 58(a)(1).

---

[1]"Order no. 187" is the district court's April 14 order approving the settlement and dismissing the third amended complaint.

As seen by the chronology of filings that follows, Plaintiffs, Defendants, proposed intervenors (SUWA and NRDC), and the district court continued to treat the case as a pending matter following entry of the April 14 order. On April 15, 2003, NRDC moved to intervene and also filed an answer to the third amended complaint. Also on that date, SUWA moved for leave to file objections to the settlement agreement. On April 28 and May 1, 2003, Plaintiffs and Defendants filed separate responses to SUWA's and NRDC's motions to intervene. On May 2, 2003, SUWA moved for leave to file a first amended answer and also filed a motion requesting the court to set a Hearing/Status conference. That same day, SUWA filed a response to NRDC's motion to intervene and filed an amended answer to Plaintiffs' third amended complaint. NRDC also filed an answer to the third amended complaint that same day. On May 30, 2003, the district court entered orders granting SUWA's motions to exceed the page limit on a filing and to permit facsimile signatures. On June 9, 2003, SUWA filed a motion to vacate the district court's April 14 order approving the settlement and dismissing the third amended complaint.

On June 12, 2003 (59 days after dismissing the case), the district court granted SUWA's and NRDC's motions to intervene as of right.[2] On the same day,

_____

[2] At this juncture, SUWA and NRDC were faced with a dilemma candidly described at pages 7-8 of their response to the appellees' motions to dismiss:
(continued...)

6

SUWA and NRDC filed a joint answer and first amended answer that contained cross claims against Defendants arguing that BLM's agreement to the consent decree was illegal and unconstitutional. The following day, June 13, 2003, (the 60th day after the court's April 14 order), Appellants SUWA and NRDC filed a notice of appeal. Also on June 13, 2003, Plaintiffs and Defendants filed separate memoranda in opposition to SUWA's motion to vacate the district court's April 14 order.

On appeal, SUWA and NRDC argue the district court's order approving the consent decree should be vacated on numerous procedural and substantive grounds.[3] The substantive issues appealed are the same issues raised as cross-

_____

[2](...continued)
"Because of the highly unusual sequence of events in this case – the immediate approval of a settlement agreement prior to the resolution of pending motions to intervene and the filing of cross-claims after dismissal – SUWA and NRDC were unsure of the status of the cross-claims. * * * Given this uncertainty, . . . SUWA and NRDC felt it only prudent to notice the appeal in order to avoid any possible expiration of an appeal deadline." We note that even when the district court granted the motion to intervene it did not vacate or stay the court approved settlement agreement, and thereby left SUWA and NRDC without clear guidance about the status of the case.

[3] Those grounds include the following: "Whether a district court may enter a consent decree that: 1. lifts a mandatory injunction imposed by another court; 2. eliminates Bureau of Land Management's (BLM's) discretion under the Federal Land Policy & Management Act (FLPMA) § 201, 43 U.S.C. § 1711, to conduct wilderness inventories; 3. eliminates BLM's discretion under FLPMA § 202, 43 U.S.C. § 1712, to designate and protect Wilderness Study Areas; 4. conflicts with FLPMA's land use plan amendment or revision processes, 43 C.F.R. §§ 1610.5-4 to -6; 5. limits the choice of reasonable alternatives for an action that is the
(continued...)

7

claims before the district court.  Those issues were not addressed by the district court prior to the filing of this appeal, but remain pending before the district court.

## II.

Appellees, Plaintiffs and Defendants in the original action, have filed separate motions to dismiss for lack of appellate jurisdiction arguing that Appellants SUWA and NRDC's cross-claims are still pending before the district court and therefore there is no final decision from which an appeal may be taken. Appellants counter that the case was dismissed before they filed their cross-claims and therefore their cross-claims were without effect.

Appellants' argument assumes that the case was dismissed and therefore Defendants were no longer before the court when Appellants' motions to intervene were granted.  Contrary to Appellants' view, we conclude the district

---

[3](...continued)
subject of an ongoing National Environmental Policy Act (NEPA) review, 40 C.F.R. § 1506.1(a)(2); 6. resolves legal claims outside the general scope of the complaint or beyond the court's jurisdiction; 7. binds future administrations to a novel interpretation of FLPMA when no party is specifically authorized to bind a later administration and the court could not have arrived at the same legal interpretation in a final judgment; and 8. whether a district court may enter a consent decree without undertaking an independent analysis of its terms or allowing intervenors to raise objections when the decree affects third parties, there is evidence that the agreement is not 'fair, reasonable, and adequate,' that it was not the product of arm's-length negotiations, and where intervenors had no opportunity to conduct discovery into the negotiations." Aplt. Br. at 1-2.

8

court's April 14 order was not a final decision, and the Appellants' cross-claims are still pending before the district court.

We have jurisdiction over appeals from all final decisions of the district court under 28 U.S.C. § 1291. Final decisions are those that "'end[] the litigation on the merits and leave[] nothing for the court to do but execute the judgment.'" Van Cauwenberghe v. Biard, 486 U.S. 517, 521-22 (1988) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)). A final judgment is one that terminates "'all matters as to all parties and causes of action.'" Dodge v. Cotter Corp., 328 F.3d 1212, 1221 (10th Cir. 2003) (quoting D & H Marketers, Inc. v. Freedom Oil & Gas, Inc., 744 F.2d 1443, 1444 (10th Cir. 1984) (en banc)). "[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." Fed.R.Civ.P. 54(b).

Further, a judgment is made final when it is "set forth on a separate document" as is required by Fed.R.Civ.P. 58(a). There is no such document in this case. We have said that "Rule 58's separate document requirement 'applies in any case where there is uncertainty about whether final judgment has been entered.'" United States v. Torres, 282 F.3d 1241, 1244 (10th Cir. 2002) (quoting Clough v. Rush, 959 F.2d 182, 185 (10th Cir. 1992)). Such uncertainty exists in the present case due to the sequence of the parties' pleadings and the district

9

court's rulings. Specifically, uncertainty arose here when the district court granted SUWA's and NRDC's motions to intervene after it had arguably approved a final settlement and dismissed the case. The absence of a final judgment filed pursuant to Rule 58, along with other court orders that were entered after April 14, all point to the conclusion that the April 14 order was not a final appealable decision.

In addition, the failure to file a separate judgment as required by Rule 58(a) was not a mere oversight which is remedied by the 2002 amendments to Rule 58 and Rule 4(a) of the Rules of Appellate Procedure. According to amended Rule 58 and 4(a), a judgment requiring a separate document under Rule 58(a)(1) becomes final at the earlier of (a) being set forth on a separate document, or (b) 150 days after entry of the order in the civil docket under Rule 79(a). Fed.R.Civ.P. 58(b)(2); Fed.R.App.P. 4(a)(7)(A)(ii). These changes were made to "ensure that appeal time does not linger on indefinitely." Fed.R.Civ.P. 58, Advisory Committee Notes, 2002 Amendments. The Advisory Committee Notes indicate the amendment was intended to apply to cases in which the court intended its order to be final but "the court and clerk fail[ed] to comply with th[e] simple requirement [of a separate judgment]." Id. Here, however, the court's issuance of orders after its April 14 order indicates the case remained pending, and that the district court did not intend its April 14 order to be a final appealable

10

decision. The 2002 rule amendments are not applicable where, as here, the absence of a separate judgment pursuant to Fed.R.Civ.P 58 was not mere oversight.

Nor can Federal Rule of Appellate Procedure 4(a)(7)(B) save this appeal. That section states that "[a] failure to set forth a judgment or order on a separate document when required by Rule 58(a)(1) does not affect the validity of an appeal from that judgment or order." As the 2002 Advisory Committee Notes to that section make clear, Rule 4(a)(7)(B) relates to cases in which the appellant waives the separate document requirement and chooses to appeal prior to the running of the 150-day cap. Rule 4(a)(7)(B) allows the appellant to appeal a final judgment, although not set forth on a separate document, without drawing objection from the appellee because such objection would only result in delay. Fed.R.App.P. 4, Advisory Committee Notes, 2002 Amendments. The section was not intended to give appellants carte blanche to appeal non-final orders such as the one in this case.

As the April 14 order was not a final decision and Appellants subsequently were granted leave to intervene and then filed cross-claims, we must dismiss this appeal as interlocutory because Appellants' cross-claims are still pending before the district court. The April 14 order is not a final appealable decision under 28 U.S.C. § 1291 because it did not terminate all matters as to all parties and causes

of action.  <u>Dodge</u>, 328 F.3d at 1221.  Further, this appeal fails to meet any of the criteria for exceptions to the final judgment rule.  The district court has not certified this case under Fed.R.Civ.P. 54(b) and Appellants do not assert, nor could we conclude, that the collateral order doctrine applies.  <u>See</u> <u>Cohen v. Beneficial Indus. Loan Corp.</u>, 337 U.S. 514 (1949).

The Appellees' motions to dismiss are GRANTED and the appeal DISMISSED.  The pending motions for judicial notice and to supplement the record are DENIED as moot.