FILED
United States Court of Appeals
Tenth Circuit

July 25, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANIEL GABINO MARTINEZ,

Defendant-Appellant.

No. 10-2240
(D.C. No. 6:06-CV-01146-PJK-LFG)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **EBEL**, and **O'BRIEN**, Circuit Judges.

Defendant Daniel Gabino Martinez, appearing pro se both in the district court and in this court, appeals from the district court's order denying his motion for relief from the judgment under Fed. R. Civ. P. 60(b)(4). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part and dismiss in part.

---

[*]  After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.

Mr. Martinez's many filings in this case show that he is a resident of Santa Fe, New Mexico. According to the government's complaint, he allowed his cattle to graze on federal land in Arizona, the Apache-Sitgreaves National Forest, without first obtaining a grazing permit. In October 2005, after Mr. Martinez had ignored the government's repeated warnings to remove his trespassing cattle, the United States impounded them pursuant to 36 C.F.R. § 262.10. Mr. Martinez did not redeem them, and, in November 2005, the government began transporting them to a sale barn in Texas in preparation for sale. Mr. Martinez sought to enjoin the sale of his cattle, but the only relief he received was a temporary restraining order issued by a state court in Arizona. The temporary restraining order expired, and, in December 2005, the government sold the cattle pursuant to § 262.10.

On November 27, 2006, the United States filed this civil action in the District of New Mexico seeking additional damages of approximately $133,000 to cover the remaining unpaid grazing fees and its costs "to impound, care for, transport, and sell the cattle." R., Vol. 1, at 8 ¶ 2, 17-18 ¶ 33. Mr. Martinez did not file an answer to the government's complaint. Rather, on December 27, 2006, he made a special appearance to file a motion to dismiss, arguing that the District of New Mexico lacked subject matter jurisdiction over the suit and personal jurisdiction over him, and that venue was improper in New Mexico. R., Vol. 1,

at 22.  On February 22, 2007, the court entered an order rejecting Mr. Martinez's

jurisdictional arguments, carefully explaining why the court had subject matter

jurisdiction over the suit and personal jurisdiction over him, and why venue was

proper in New Mexico.  Id. at 775-78.  The court ordered Mr. Martinez to answer

the complaint within ten days.  Id. at 778.  Mr. Martinez did not file an answer,

however, and, on July 2, 2007, the court awarded the United States a default

judgment for $132,848.12, along with its costs.  Id. at 1059.  Mr. Martinez

promptly filed several documents in the district court asserting that the judgment

was based on fraudulent arguments for jurisdiction, id. at 1060, 1073, 1083, 1137,

but he did not file a notice of appeal.[1]

The United States proceeded to collect its judgment.  The district court

issued several writs of garnishment in 2008 and 2010 in response to the

government's motions to garnish Mr. Martinez's bank accounts.  Id. at 1240,

1243, 1246, 1249, Vol. 2, at 98.  The United States obtained its money and filed a

---

[1]     Although Mr. Martinez made a passing reference to appeal in a document
filed on July 27, 2007, see R., Vol. 1, at 1139, this document lacks sufficient
information or evidence of intent to appeal to be construed as a notice of appeal.
See Manco v. Werholtz, 528 F.3d 760, 762 (10th Cir. 2008) (discussing the
information required in a document treated as the functional equivalent of a
formal notice of appeal under Smith v. Barry, 502 U.S. 244, 249 (1992)).

In June 2010, Mr. Martinez filed a lawsuit against the United States in the
United States Court of Federal Claims and then moved the District of New
Mexico to transfer that case to New Mexico because it involved the same parties
and events.  R., Vol. 2, at 90.  The district court denied his motion on October 5,
2010.  Id. at 302.  Mr. Martinez voluntarily dismissed his suit in the Court of
Federal Claims in December 2010.

notice of satisfaction of judgment on October 6, 2010.  Id., Vol. 2, at 305.  The

district court issued an order on October 27, 2010, id. at 328, which denied

Mr. Martinez any of the relief he had requested in several documents he had filed,

including, in particular, his September 17, 2010, "Objection" under Rule 60(b), in

which he argued that the July 2007 judgment was obtained through fraud and was

void for lack of jurisdiction, R., Vol. 2, at 113, 123-24.  Mr. Martinez appeals

from the district court's October 27, 2010, order.

II.

An order denying a motion under Rule 60(b) is final and appealable.

See Utah v. Norton, 396 F.3d 1281, 1286 (10th Cir. 2005).  Such an appeal

generally raises for review only the denial of the 60(b) motion and not the

underlying judgment.  See Stouffer v. Reynolds, 168 F.3d 1155, 1172 (10th Cir.

1999).  However, "[i]f the Rule 60(b) motion asserted the judgment was void, the

court of appeals must 'evaluate the validity of the underlying judgment in

reviewing the order denying the motion.'"  Stubblefield v. Windsor Capital Grp.,

74 F.3d 990, 994 (10th Cir. 1996) (quoting V.T.A., Inc. v. Airco, Inc., 597 F.2d

220, 223-24 & n.8 (10th Cir. 1979)).

Because Mr. Martinez appears in this court pro se, we construe his briefs

liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).  His "briefs

are difficult to understand[, but] we . . . have tried to discern the kernel of the

-4-

issues [he] wishes to present on appeal." de Silva v. Pitts, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007). Most of his arguments assert that the district court was without subject matter jurisdiction or personal jurisdiction, and that venue was improper in New Mexico. Accordingly, although "[w]e generally review a district court's denial of a motion to set aside a default judgment under Rule[] . . . 60(b) for an abuse of discretion[,]" we review de novo Mr. Martinez's arguments under Rule 60(b)(4) that the July 2, 2007, judgment was void for lack of jurisdiction. Hukill v. Okla. Native Am. Domestic Violence Coal., 542 F.3d 794, 796-97 (10th Cir. 2008).

We have carefully considered Mr. Martinez's arguments in light of the record on appeal, the district court's February 22, 2007, order determining its jurisdiction, and the governing law. We find no error and affirm the district court's assertion of jurisdiction to enter its July 2, 2007, default judgment for substantially the reasons stated by the court in its February 22, 2007, order. As a result, we conclude that there is no error in the court's October 27, 2010, order denying Mr. Martinez's Rule 60(b) motion styled "Objection[.]"

To the extent that Mr. Martinez is attempting to raise any non-jurisdictional challenges to the July 2, 2007, judgment, we lack jurisdiction to consider them. See Stouffer, 168 F.3d at 1172. His argument that the government failed to follow the district court's October 5, 2010, order to hold garnishment proceedings in abeyance for thirty days pending resolution of outstanding motions, see R.,

Vol. 2, at 300, 302, is moot because the government had already completed the garnishment and filed its notice of satisfaction of judgment on October 6, 2010.

We AFFIRM in part and DISMISS in part.

Entered for the Court

David M. Ebel
Circuit Judge