**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

STATE OF NEW MEXICO, ex rel.,
S.E. Reynolds, State Engineer,

      Plaintiff-Appellee,

and

UNITED STATES OF AMERICA,

      Plaintiff-Intervenor,

v.

JOE GUTIERREZ; BERTHA
GUTIERREZ,

      Defendants-Appellants.

No. 10-2258
(D.C. No. 6:66-CV-06639-MV-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **ANDERSON**, and **HARTZ**, Circuit Judges.

This appeal arises out of the adjudication of water rights in the

Nambe-Pojoaque-Tesuque river system (NPT), a tributary of the Rio Grande river

---

[*]      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

in the State of New Mexico. Pro se Defendants-Appellants Joe and Bertha

Gutierrez challenge the district court's order denying their motion to vacate a

special master's determination that their priority objection was untimely.

Because we lack jurisdiction, we DISMISS this appeal.

## BACKGROUND

In 1966, New Mexico filed suit to establish the water rights in the NPT.

The suit named a multitude of defendants and sought to determine:

a.     The water rights adjudged each party.
b.     The source, priority, amount, purpose, periods, and
        place of use of each [water] right.
c.     The specific tracts of land to which the water right for
        irrigation is appurtenant.
d.     Such other matters as may be necessary to define a
        particular right and its priority.

Supp. R., Vol. 1 at 41. Despite the passage of several decades, numerous issues,

including priority of use, remained unresolved.

In 2008, however, the district court took up the priority issue, and ordered

the claimants to show cause why the priority dates for the "stream system

community and private ditches" should not be the "dates proposed by the State."

R., Vol. 1 at 206. The district court set a June 15, 2009, deadline for filing a

priority-date objection.

In January 2010, the Gutierrezes objected pro se to the State's "propos[al]

to assign a priority date of 1832 to the Acequia del Rancho, which feeds the

lateral irrigation ditch situated in [the Gutierrezes'] property." *Id.* at 68. They

claimed that a priority date of 1740 had been established in a civil case decided in 1940.

A special master dismissed the Gutierrezes' objection as untimely. In response, the Gutierrezes filed a motion under Fed. R. Civ. P. 60(b) to vacate the special master's decision, arguing that their late filing would not "inconvenience . . . the court or prejudice the plaintiff" or other claimants. *Id.* at 53; *see also* Supp. R., Vol. 1 at 106.

The district court denied the motion. It reasoned that the Gutierrezes had provided no explanation for the six-month delay in filing their objection, and that the State would be prejudiced if the Gutierrezes were allowed to pursue their objection because notice would have to be served on thousands of interested parties at considerable expense to the State.

The Gutierrezes appealed, and we directed the parties to address our jurisdiction over this matter.

## DISCUSSION[1]

This court has appellate jurisdiction over the "final decisions" of district courts. 28 U.S.C. § 1291. To be final, a decision ordinarily "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 204 (1999) (internal quotation

---

[1]    Because the Gutierrezes are proceeding pro se, we construe their arguments liberally. *See de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

marks omitted). In other words, "[a] final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). "The finality requirement in § 1291 evinces a legislative judgment that restricting appellate review to final decisions prevents the debilitating effect on judicial administration caused by piecemeal appeal disposition of what is, in practical consequences, but a single controversy." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 471 (1978) (internal quotation marks omitted).

The district court's order denying the Gutierrezes' motion to vacate is not a final order, as NPT water-right issues remain unresolved. According to the State, no final adjudication has been rendered as to the priority of any claimant's water rights; moreover, there are water-right issues beyond priority that remain to be adjudicated. Indeed, trial proceedings are ongoing. Thus, the order denying the Gutierrezes' motion "adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties [and] does not end the action as to any of the claims or parties." Fed. R. Civ. P. 54(b).

Nevertheless, the Gutierrezes argue that the denial of their motion to vacate is appealable under the collateral order doctrine. In a "small class" of cases, we have jurisdiction over interlocutory appeals from non-final orders that "finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself

to require that appellate consideration be deferred until the whole case is adjudicated." *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 546 (1949). To establish appellate jurisdiction under the collateral order doctrine, an appellant must show that the district court's order (1) conclusively determined the disputed question, (2) resolved an important issue completely separate from the merits of the case, and (3) is effectively unreviewable on appeal from a final judgment. *See Midland Asphalt Corp. v. United States*, 489 U.S. 794, 799 (1989). These requirements "are stringent, and unless they are kept so, the underlying doctrine will overpower the substantial finality interests § 1291 is meant to further." *Mesa Oil, Inc. v. United States*, 467 F.3d 1252, 1254 (10th Cir. 2006) (internal quotation marks omitted). A district court order that "fails to satisfy any one of [the *Cohen*] requirements" is not reviewable under the collateral order doctrine. *Id.* (alteration in original).

We conclude that the Gutierrezes have not shown that the timeliness of a priority objection is effectively unreviewable by postjudgment appeal. "[T]he decisive consideration is whether delaying review until the entry of final judgment would imperil a substantial public interest or some particular value of a high order." *Mohawk Indus., Inc. v. Carpenter*, 130 S. Ct. 599, 605 (2009) (internal quotation marks omitted). The timeliness of a priority objection is a procedural issue that can adequately be resolved after a final judgment in the case. If the objection was erroneously deemed untimely in the district court,

remand for reconsideration of the water-right claimant's priority is available on appeal. We are aware of no substantial public interest or high-order value that demands interlocutory review of the timeliness of a priority objection.

In short, the collateral order doctrine does not apply here.

The appeal is DISMISSED.

Entered for the Court

Michael R. Murphy
Circuit Judge