**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 26, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TORANCE W. LACOUR,

       Plaintiff-Appellant,

v.

THE TULSA CITY-COUNTY JAIL;
TULSA COUNTY SHERIFF'S
DEPARTMENT; TULSA COUNTY
BOARD OF COUNTY
COMMISSIONERS; ARAMARK, INC.;
CORRECTIONAL HEALTHCARE
MANAGEMENT, INC.; H.G. STEGE;
SEVERAL UNNAMED EMPLOYEES,

       Defendants-Appellees.

No. 13-5007
(D.C. No. 4:11-CV-00696-JHP-PJC)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **MATHESON**, Circuit Judges.

Torance W. Lacour, pro se, appeals from the district court's denial of his

post-judgment motion. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.  BACKGROUND

Tulsa police arrested Mr. Lacour on October 7, 2009.  He was held at the county jail until November 10, 2009.  On November 7, 2011, he sued under 42 U.S.C. § 1983, raising constitutional claims arising from his arrest and detention.  Four of the six named defendants filed motions to dismiss.  On September 27, 2012, the district court granted those motions, concluding that the relevant two-year statute of limitations barred most of Mr. Lacour's claims, and that any claims within the limitations period were not constitutional violations.  The district court entered a separate judgment on September 28, 2012, in favor of all defendants and dismissed the case with prejudice.

On October 29, 2012, Mr. Lacour filed a motion to vacate the judgment and set aside the dismissal order.  On November 26, 2012, he filed an amended motion to vacate and set aside the dismissal order.  In his motions, he invoked Federal Rules of Civil Procedure 60(b)(3) and 60(b)(6), and he argued that the court misconstrued his factual allegations and should have tolled the limitations period.  On December 20, 2012, the court summarily denied the motions in a minute order.  Mr. Lacour filed a notice of appeal on January 17, 2013, specifying only the December 20th order.

## II.  DISCUSSION

We first address our jurisdiction over this appeal, affording a liberal construction to Mr. Lacour's pro se filings.  The district court's September 28 judgment was a final judgment because it was entered in favor of all defendants.

*See Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) ("A final judgment is one that terminates all matters as to all parties and causes of action.") (internal quotation marks omitted). Mr. Lacour suggests that the district court erred in entering judgment in favor of the two named defendants that did not file motions to dismiss. He observes that the district court did not expressly state that it was entering judgment against those two defendants sua sponte.

These arguments, however, concern the propriety of the district court's judgment. We lack jurisdiction to consider that issue because Mr. Lacour's notice of appeal was untimely as to the final judgment. The deadline for his appeal from that judgment was October 28, 2012. *See* Fed. R. App. P. 4(a)(1)(A) (providing a notice of appeal in a civil case "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from"). But Mr. Lacour did not file his notice of appeal until January 17, 2013. Neither of his Rule 60(b) motions tolled the time for filing a notice of appeal because they were filed more than 28 days after the judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi). Because "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), we lack jurisdiction to review whether the district court erred in entering judgment in favor of the two named defendants that did not file motions to dismiss.

Mr. Lacour advances what seems to be another argument that falls outside our jurisdiction—that the district court erred in granting the motions to dismiss without

converting them into motions for summary judgment rendering the court's judgment therefore void.[1] The cases he cites do not support such a broad proposition. Any error in failing to convert the motions goes to the merits of the district court's dismissal order, not to the finality of the judgment. As we have concluded, we lack jurisdiction over the final judgment because the notice of appeal was untimely. For the same reason, we lack jurisdiction over the earlier dismissal order.

Mr. Lacour's notice of appeal is, however, timely with respect to the district court's order denying his Rule 60(b) motions. "We review the district court's denial of a Rule 60(b) motion for abuse of discretion." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000). Our review is limited to the "order denying the motion, not the underlying decision itself." *Id.* And therein lies the problem for Mr. Lacour. In his Rule 60(b) motions, he argued that the district court misapplied the law or misunderstood his allegations. Such arguments may be proper in a timely motion filed under Federal Rule of Civil Procedure 59 or on direct appeal, but they do not justify Rule 60(b) relief. *Van Skiver v. United States*, 952 F.2d 1241, 1244 (10th Cir. 1991). This is because "[a] Rule 60(b) motion is not intended to be a substitute for a direct appeal. . . . Absent extraordinary circumstances, Rule 60(b)

---

[1] He further appears to suggest that, because his motions were treated as motions to dismiss, this court or the district court lacks jurisdiction. As explained above, we do lack jurisdiction to review the district court's final judgment, but not for the reasons Mr. Lacour argues. His suggestion about a jurisdictional defect in the district court by its treating a motion for summary judgment as a motion to dismiss has no merit.

- 4 -

relief should not be used to extend the time for appeal." *Servants of Paraclete*, 204 F.3d at 1009. In the district court, Mr. Lacour presented no extraordinary circumstances, and on appeal, he has not explained how the district court abused its discretion in denying his Rule 60(b) motions. Instead, he again argues that the district court made mistakes in its underlying judgment. Accordingly, we conclude that the district court did not abuse its discretion in denying Mr. Lacour's Rule 60(b) motions.

Affirmed.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge