**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

TORANCE W. LACOUR,

  Plaintiff-Appellant,

v.

TULSA CITY-COUNTY JAIL; TULSA
COUNTY SHERIFF'S DEPARTMENT;
TULSA COUNTY BOARD OF
COUNTY COMMISSIONERS;
ARAMARK INC.; CORRECTIONAL
HEALTHCARE MANAGEMENT; H.G.
STEGE; SEVERAL UNNAMED
EMPLOYEES, sued as Several Unnamed
Employees,

  Defendants-Appellees.

No. 13-5139
(D.C. 4:11-CV-00696-JHP-PJC)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of

---

[*]    This order and judgment does not constitute precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  But the order and judgment can be cited for its persuasive value under Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

The Plaintiff, Mr. Torance W. LaCour, alleged constitutional violations from his arrest and incarceration in Tulsa, Oklahoma. He sued under 42 U.S.C. § 1983, and the district court dismissed the action with prejudice. Mr. LaCour then invoked Fed. R. Civ. P. 60(b), seeking amendment of the judgment. The district court denied relief, and Mr. LaCour unsuccessfully appealed. *LaCour v. Tulsa City-Cnty. Jail*, 517 F. App'x 617, 619 (10th Cir. 2013) (unpublished). He then moved a second time for relief under Rule 60(b). The district court again denied relief, and we again affirm.

As our court explained in affirming the previous denial of relief under Rule 60(b), the grounds for relief do not include correctness of the dismissal. *Id.* But, as in the prior proceedings, Mr. LaCour has argued that the district court misapplied the law, misunderstood his allegations, and failed to treat the motions to dismiss under the rules for summary judgment. When Mr. LaCour made these arguments in the prior appeal, the panel explained that these arguments would not justify relief under Rule 60(b). *Id.* The same rationale applies equally to these arguments renewed in the present appeal.

But Mr. LaCour has also argued that the judgment is void based on a lack of due process.[1] Though that argument is cognizable under Fed. R. Civ. P. 60(b)(4), it is invalid on the merits.

The judgment would be considered "void" only if the due process violation involved a lack of "notice or the opportunity to be heard." *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010). In the motion filed in district court, Mr. LaCour contended that the judgment was void because the district court had considered materials outside the pleadings on a motion to dismiss. In his appeal brief, Mr. LaCour does not allege any facts that would indicate a due process violation involving an absence of notice or the opportunity to be heard. Thus, we must uphold the district court's rejection of the voidness claim.

In these circumstances, we affirm the denial of relief under Rule 60(b).

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[1] In the prior appeal, Mr. LaCour also argued that the judgment was void because the district court failed to convert the motions to dismiss to motions for summary judgment. *LaCour v. Tulsa City-Cnty. Jail*, 517 F. App'x 617, 619 (10th Cir. 2013) (unpublished). We stated that this argument had no merit when framed as a challenge to the district court's jurisdiction. *Id.* at 619 n.1.