**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LINDSAY O'BRIEN QUARRIE,

        Plaintiff–Appellant,

v.

NEW MEXICO INST. OF MINING &
TECH.; BHASKAR MAJUMDAR;
LORIE LIEBROCK; KENNETH (KEN)
MINSCHWANER; SCOTT TEARE;
DANIEL LOPEZ; PETER GERITY,

        Defendants–Appellees.

No. 14-2072
(D.C. No. 2:13-CV-00349-MV-SMV)
(D. N.M)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **McKAY**, and **MATHESON**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Appellant Lindsay Quarrie filed this federal lawsuit following his termination from

a graduate program at Appellee New Mexico Institute of Mining and Technology.

Appellant claims his termination was based on unlawful factors including racial bias and

---

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

retaliation for complaints he made previously about the school. As relief, Appellant seeks monetary damages, re-enrollment in the graduate program, and the award of his diploma.

In the ongoing district court proceedings, both parties have filed numerous motions. The district court denied Appellant's motion for preliminary injunctive relief, in which he sought reinstatement to the university and the award of his degree. A panel of this court dismissed his appeal of that decision as untimely. Appellant subsequently sought a permanent injunction. The district court denied this request as premature and unripe, since the merits of the case had not yet been adjudicated and thus Appellant could not show "'actual success on the merits'" as required to obtain a permanent injunction. (Docket No. 131, Order at 5 (quoting *Sw. Stainless, LP v. Sappington*, 582 F.3d 1176, 1191 (10th Cir. 2009)).) In response to various motions filed by Appellees, the district court dismissed and limited some claims against some parties, but other claims remain pending.

Appellant now seeks to appeal both the denial of his motion for a permanent injunction and the district court's dismissal of some of his claims, as well as other related rulings by the district court. However, because not all claims have been resolved and the district court has not directed entry of a final judgment as to some claims or parties under Rule 54(b), we only have jurisdiction to consider the denial of injunctive relief. *See* 28 U.S.C. §§ 1291, 1292(a); Fed. R. Civ. P. 54(b); *see also Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005). We therefore consider only this issue, dismissing the rest of the appeal for lack of appellate jurisdiction.

Turning then to the sole surviving issue on appeal, we see no abuse of discretion in the district court's denial of a permanent injunction as premature and unripe. Because the merits of this case have yet to be adjudicated, Appellant cannot demonstrate "actual success on the merits" as required to obtain permanent injunctive relief. *See Sw. Stainless, LP* 582 F.3d at 1191.

We accordingly **AFFIRM** the district court's denial of a permanent injunction and **DISMISS** the rest of the appeal for lack of jurisdiction.

Entered for the Court


Monroe G. McKay
Circuit Judge