FILED
United States Court of Appeals
Tenth Circuit

December 31, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

KARL T. ANDERSON, solely in his
capacity as Chapter 7 Trustee for the
bankruptcy estate of Robert Leone Davies
and Amber Tracey Davies,

      Plaintiff - Appellant,

v.

SEVEN FALLS COMPANY, a Delaware
corporation, d/b/a The New Seven Falls
Company, d/b/a The Cottage Company,
d/b/a Seven Falls Pipeline & Reservoir,

      Defendant - Appellee.

No. 14-1515
(D.C. No. 1:12-CV-01490-RM-CBS)
(D. Colorado)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **LUCERO**, and **McHUGH**, Circuit Judges.
_____

## I.   INTRODUCTION

   Karl T. Anderson, in his capacity as trustee of the bankruptcy estate of Amber

Tracey Davies and Robert Leon Davies, seeks to appeal the district court's summary-

judgment ruling, which equitably limits the bankruptcy estate's potential recovery in a

personal-injury action originally brought by Ms. Davies. Because we conclude the order

_____

   [*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

appealed from is not a final decision, we lack jurisdiction over the appeal and must dismiss.

## II.   BACKGROUND

In June 2010, Ms. Davies was injured while visiting a Colorado nature park operated by Seven Falls Company. Ms. Davies was treated for her injuries and received a tentative diagnosis of "complex regional pain syndrome" from her treating physician. Shortly after her accident, Ms. Davies retained counsel to help her "determine if [she] had any basis to have [her] medical bills paid." Her attorney filed a notice of claim with Seven Falls' insurer on August 26, 2010, notifying the insurer of Ms. Davies's injuries. In June 2011, the attorney sent a settlement demand to Seven Falls' insurer, seeking recovery of Ms. Davies's damages.

Just over a month later, on July 15, 2011, Ms. Davies and her husband filed for Chapter 7 bankruptcy in California. Although Ms. Davies included debts related to her injuries on the bankruptcy schedules, she did not disclose her personal-injury claim against Seven Falls. Ms. Davies contends a paralegal for her bankruptcy counsel led her to believe the claim did not need to be disclosed. The bankruptcy court issued an order in the Davieses' bankruptcy in October 2011, which included a discharge of debts Ms. Davies incurred as a result of her injury sustained at Seven Falls' premises.

In June 2012, Ms. Davies initiated this personal-injury action against Seven Falls. Thereafter, in March 2013, Ms. Davies's counsel notified the bankruptcy trustee that the claim against Seven Falls had been omitted from her bankruptcy schedules. In response, the bankruptcy court reopened Ms. Davies's bankruptcy, and the bankruptcy trustee, Karl

T. Anderson (the Trustee), was made a party to this personal-injury action. The Trustee retained Ms. Davies's personal-injury attorneys as special counsel to pursue the personal-injury litigation. Seven Falls then filed a motion for summary judgment, arguing that Ms. Davies and the Trustee were judicially estopped from bringing a personal-injury claim that had not been disclosed in Ms. Davies's bankruptcy.

The district court granted the motion for summary judgment as to Ms. Davies but denied it as to the Trustee. The district court ruled the doctrine of judicial estoppel did not "block the claims of the Trustee . . . on behalf of Ms. Davies'[s] creditors or the Trustee's interests" but that it "applied as to any recovery in excess of [these amounts] which would be surrendered back to Ms. Davies." The district court therefore concluded the Trustee's "[r]ecovery will be permitted to the limited extent of the creditor claims and such other sums as are necessary for the Trustee's fees and costs."

Seven Falls then sought leave to deposit $17,011.46 with the court under Federal Rule of Civil Procedure 67, asserting this sum was adequate to satisfy the creditors' proofs of claim filed in Ms. Davies's bankruptcy case. Seven Falls also moved to vacate the trial date for the personal-injury action, seeking to forgo trial and resolve the personal-injury action by agreeing to pay the full amount of creditor claims. The Trustee disputed Seven Falls' calculation of the amount needed to fully fund the Davieses' bankruptcy estate, asserting in its briefing that approximately $277,000 was necessary to satisfy the creditors' claims, the Trustee's statutory fee, and the attorney fees and costs payable to the Trustee's counsel by statute. The district court granted Seven Falls' motions to deposit the $17,011.46 with the court and to vacate the trial. The Trustee then

3

filed a motion seeking reconsideration of the district court's summary-judgment ruling. While that motion was pending, Seven Falls filed motions seeking a determination of the Trustee's fees and costs and an order barring the Trustee's special litigation counsel from recovering their fees and costs.

The district court denied the Trustee's motion for reconsideration, and the Trustee filed a notice of appeal from the district court's partial grant of summary judgment in favor of Seven Falls. The district court has yet to rule on Seven Falls' outstanding motions relating to the Trustee's fees and costs.

## III. ANALYSIS

Before considering the Trustee's arguments on the merits, we must assess whether we have subject matter jurisdiction over this appeal. "It is well-settled that this court has an independent duty to inquire into its jurisdiction over a dispute, even where neither party contests it and the parties are prepared to concede it." *In re Am. Ready Mix, Inc.*, 14 F.3d 1497, 1499 (10th Cir. 1994). Of relevance here, our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "A final judgment is one that terminates all matters as to all parties and causes of action." *Utah v. Norton*, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). A decision is not final unless it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 204 (1999). "[A]ny order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties." *Norton*, 396 F.3d at 1286

4

(alteration in original). Thus, "[o]rders granting partial summary judgment or denying summary judgment are generally not final appealable orders under 28 U.S.C. § 1291." *Poolaw v. Marcantel*, 565 F.3d 721, 728 (10th Cir. 2009); *see also Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 744 (1976) (holding that nonfinal partial summary judgment could not properly be certified as final under Federal Rule of Civil Procedure 54(b)).

The Trustee seeks to appeal from the district court's order granting summary judgment as to Ms. Davies and denying summary judgment as to the Trustee. But that order expressly permits the Trustee's claim to proceed to trial, though it limits the Trustee's recovery on that claim to the "extent of the creditor claims and such other sums as are necessary for the Trustee's fees and costs." Thus, the district court's order did not "terminate[] all matters as to all parties and causes of action" and therefore was not a final, appealable decision. *Norton*, 396 F.3d at 1286 (internal quotation marks omitted).

The Trustee contends that "Seven Falls' payment of $17,011.46 into the Court Registry rendered the district court's Order granting partial summary judgment of [the Trustee's] claims final for purposes of this appeal." The premise of this argument is that this deposit satisfied in full Seven Falls' potential liability on the merits of the personal-injury claim. But that premise is faulty. As the parties concede, the $17,011.46 deposited with the court covers only the amount of creditor claims against the bankruptcy estate; it does not cover any portion of the Trustee's fees and costs. Yet the district court ruled the Trustee could recover both the amount of creditor claims and the fees and costs incurred in the bankruptcy. Thus far the district court has not determined the amount necessary to satisfy the Trustee's fees and costs—a calculation on which the parties vigorously

5

disagree. Accordingly, the extent of Seven Falls' potential liability—measured by the amount necessary to satisfy both the creditors' claims and the Trustee's fees and costs—remains indeterminate. And although the district court allowed Seven Falls to deposit funds with the court, it has not entered a judgment awarding a specific dollar amount of damages to the Trustee or otherwise made a determination regarding Seven Falls' liability or the Trustee's entitlement to damages. A district court order that leaves both the fact and the scope of the defendant's liability unresolved is not a final decision on the merits.

The Trustee resists this conclusion by arguing the resolution of the Trustee's fees and costs is a "collateral" issue that "do[es] not affect the finality of the district court's judgment on the merits." The Trustee relies on *Ray Haluch Gravel Co. v. Central Pension Fund*, 134 S. Ct. 773 (2014), and *Budinich v. Becton Dickinson & Co.*, 486 U.S. 196 (1988), for the proposition that "the pendency of a ruling on an award for fees and costs does not prevent, as a general rule, the merits judgment from becoming final for purposes of appeal." *Ray Haluch*, 134 S. Ct. at 777; *see Budinich*, 486 U.S at 199, 202–03 ("[A] decision on the merits is a 'final decision' for purposes of § 1291 whether or not there remains for adjudication a request for attorney's fees attributable to the case."). But the Trustee's reliance on this authority is misplaced. *Ray Haluch* and *Budinich* address whether an unresolved claim for attorney fees incurred "for the litigation at hand" affects the finality of an otherwise final order. *Budinich*, 486 U.S. at 201; *accord Ray Haluch*, 134 S. Ct. at 780. The Supreme Court has concluded such a claim is collateral to a decision on the merits because "a claim for attorney's fees is not part of the merits of the

action to which the fees pertain." *Budinich*, 486 U.S. at 200. We have interpreted these cases as applying only to "attorneys' fees requests for the 'litigation at hand'" when considering the jurisdictional effect of an unresolved attorney-fee issue. *Lampkin v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am. (UAW)*, 154 F.3d 1136, 1140 (10th Cir. 1998). Where a request for fees arises from litigation other than the case at hand, the fee question is not collateral and "may have to be litigated at trial as a component of the plaintiff's damages, rather than ascertained in a post-judgment collateral proceeding." *McKissick v. Yuen*, 618 F.3d 1177, 1197 (10th Cir. 2010).

Here, the district court is not faced with an outstanding claim for attorney fees for the litigation at hand, i.e., a claim that Seven Falls must, by statute or contract, pay the attorney fees incurred by Trustee's counsel in the personal-injury action. Rather, pursuant to the district court's judicial-estoppel ruling, the Trustee's fees and costs are merely the yardstick by which the district court elected to measure the Trustee's permissible recovery in the personal-injury action. *Cf. Lampkin*, 154 F.3d at 1140 (10th Cir. 1998) (holding that an award of attorney fees under the Labor Management Relations Act was functionally an award of compensatory damages, "which only incidentally happens to be measured in this instance solely by the attorneys' fees incurred by the plaintiff"). That some portion of the Trustee's recovery will ultimately be paid to the Trustee's attorneys does not mean the district court's ruling on the scope of Seven Falls' potential liability is merely an outstanding "ruling on an award for fees and costs" within the meaning of *Ray Haluch* and *Budinich*. Instead, calculation of those fees and costs is indispensable to a

7

determination of Seven Falls' ultimate liability and not a collateral issue that the district court may consider independently of a final decision on the merits.

Moreover, at least some portion of the Trustee's fees and costs arise from the Trustee's administration of the bankruptcy estate itself and therefore are not "attributable to the case" at issue under *Budinich*. *See id.* (emphasis omitted) (quoting *Budinich*, 486 U.S. at 202–03). The Trustee is entitled to a statutory fee for administering the bankruptcy estate, and, in addition to employing litigation counsel to pursue the personal-injury litigation, the Trustee employed general counsel to assist "in the bankruptcy case." Those fees and costs incurred by the Trustee and general counsel arising from the bankruptcy case are not attributable to the personal-injury action but, under the district court's judicial-estoppel ruling, must be determined in assessing the scope of Seven Falls' liability. Accordingly, we conclude the determination of the Trustee's fees and costs is not merely collateral to the merits and must be resolved before the district court's order may properly be considered a final, appealable decision.

## IV. CONCLUSION

The district court's partial summary-judgment ruling was not rendered final by Seven Falls' deposit of funds with the court. The resolution of the Trustee's fees and costs goes to the amount of Seven Falls' potential liability and is not merely a collateral attorney-fee request. The district court's order is therefore not a final, appealable decision over which we may exercise jurisdiction under 28 U.S.C. § 1291. We therefore lack jurisdiction and must dismiss this appeal.

Entered for the Court


Carolyn B. McHugh
Circuit Judge