**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 4, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TONI R. DONAHUE,

     Plaintiff - Appellant,

v.

KANSAS BOARD OF EDUCATION;
ELENA LINCOLN, individually and as
Appeal Officer; MARK WARD,
Individually and as Officer of Agency;
LLOYD SWARTZ, individually and as
Due Process Hearing Officer; SCOTT
GORDON, individually and as Officer of
Agency; RANDY WATSON,
Commissioner of Education; JOHN
ALLISON, Superintendent; OLATHE
SCHOOL DISTRICT USD #233;
DEBORAH CHAPPELL, Individually and
as Officer of Agency,

     Defendants - Appellees.

No. 18-3130
(D.C. No. 2:18-CV-02012-CM-JPO)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

---

    [*] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Toni Donahue appeals the district court's denial of her motion for a preliminary injunction. Exercising jurisdiction under 28 U.S.C. § 1292(a)(1), we affirm.

## I

According to Donahue, Olathe School District USD No. 223 ("School District") failed to meet its obligations to her minor child under the Individuals with Disabilities Education Act. See 20 U.S.C. § 1400(d). Donahue filed a due process complaint, which requires the relevant state agency to appoint a hearing officer to evaluate the complaint, with the State. Hearing officer Lloyd Swartz dismissed the complaint for failure to comply with statutory requirements. Donahue appealed Swartz's determination to the state review officer—Elena Lincoln—who dismissed the appeal as untimely. Donahue then filed a petition for administrative review in federal district court. In addition to the School District, Swartz, and Lincoln, Donahue named a number of other education officials and entities as defendants.

Donahue also filed a motion for a preliminary injunction to protect her and her minor child "from any present or future action by, inspired by, or initiated by the Kansas Board of Education, Kansas State Department of Education, Olathe School District, or any of the staff or family members of the aforementioned agencies," including "protection from harassment, intimidation, threats, coercion, attempts to have [her minor child] removed from the home, and protection from all actions while home schooling [her minor child]."

On June 20, 2018, the district court entered a comprehensive order that addressed several motions, including the motion for a preliminary injunction. The court dismissed all defendants other than the School District and Swartz as improper parties and denied Donahue's motion for preliminary injunctive relief. The court ordered Donahue to show cause why Swartz should not also be dismissed as an improper party.

Donahue requested permission from the district court to file an interlocutory appeal from the adverse rulings in the order. The district court denied the request and dismissed the claims against Swartz. Donahue then appealed those orders. We dismissed for lack of jurisdiction because there was no final decision in the district court. Donahue v. Kan. Bd. of Educ., No. 18-3193, order at 2 (10th Cir. Oct. 31, 2018).

Donahue also appealed the denial of injunctive relief.[1]

---

[1] Despite the fact that the district court denied her motion to file an interlocutory appeal and we dismissed Case No. 18-3193 for lack of jurisdiction because there was no final judgment, Donahue raises issues in this appeal other than the denial of preliminary injunctive relief, including the application of the Administrative Procedure Act and the various party and claim dismissals. We will not consider these issues as our jurisdiction is limited to appeals from "final decisions of the district courts." 28 U.S.C. § 1291. "A final judgment is one that terminates all matters as to all parties and causes of action." Utah v. Norton, 396 F.3d 1281, 1286 (10th Cir. 2005) (internal quotation marks omitted). The district court's June 20, 2018 order did not "terminate[] all matters as to all parties and causes of action" and therefore is not a final, appealable decision. Id.

3

## II

"We review the decision to deny a motion for a preliminary injunction for abuse of discretion." Schrier v. Univ. of Colo., 427 F.3d 1253, 1258 (10th Cir. 2005). "The standard for abuse of discretion is high." Id. (quotation omitted). Donahue "must show that the district court committed an error of law . . . or committed clear error in its factual findings." Id. (quotation omitted).

"As a preliminary injunction is an extraordinary remedy, the right to relief must be clear and unequivocal." Id. (quotation omitted). To obtain a preliminary injunction

> the moving party must establish that: (1) he or she will suffer irreparable injury unless the injunction issues; (2) the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; (3) the injunction, if issued, would not be adverse to the public interest; and (4) there is a substantial likelihood of success on the merits.

Id. (alterations and quotation omitted).

Donahue's motion for preliminary injunctive relief was a narrative of her past grievances against school officials, their alleged mistreatment of her minor child, and their efforts to stymie her complaints. She argues that her allegations of past misconduct are adequate to establish irreparable harm, even though she no longer lives in the school district and has not shown an intent to return. But allegations of past harm are inadequate to establish irreparable harm. "The purpose of a preliminary injunction is not to remedy past harm but to protect plaintiffs from irreparable injury that will surely result without their issuance." Id. at 1267 (emphasis added).

4

## III

**AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge