**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

<u>PUBLISH</u>

## UNITED STATES COURT OF APPEALS

## TENCH CIRCUIT

---

SECURITY SERVICE FCU
(FEDERAL CREDIT UNION),

     Plaintiff-Counterclaim-
     Defendant - Appellant,

v.

FIRST AMERICAN MORTGAGE
FUNDING, LLC,

     Defendant-Third Party Plaintiff-
     Cross-Claimant-
     Counterclaimant - Appellee,

KEVIN B. JORDAN;
CONSTRUCTION DISBURSEMENT
SERVICES, INC.; FIRST
AMERICAN MORTGAGE, INC.;
WILLIAM DOUGLAS DEPUY;
JEFFREY JORDAN; SHAUN
JORDAN; MARK CAMPBELL,

     Defendants-Cross-Claimants-
     Counterclaimants - Appellees,

STEWART TITLE OF CALIFORNIA,
INC.; LAWYERS TITLE COMPANY;
ORANGE COAST TITLE
COMPANY,

     Defendants-Third-Party-
     Defendants - Appellees,

TERRY ANDERSON; LINDA

No. 13-1133

ANDERSON; BRIAN L. BARKER; SHARLENE P. BENTLEY; GERALD CARLEO; SHARON CARLEO; GLORIA DIXON; ROBIN FREESTONE; MARGARET FREESTONE; SHILOH GRIFFITHS; DONALD GRUBB; SHARON GRUBB; DAVID P. GUZY; TERRANCE HAFLER; DONNA HAFLER; RUSSELL E. HARDIMAN; CHARLES HESS; BARBARA HESS; KENNETH INGRAM; SIMON KROON; JOANNA KROON; JOHN LAING; SUSAN LAING; TRACY LARSEN; THOMAS MITCHELL; LOUISE HAYDEN; AKA Louise Mitchell; DENNY NELSON; PETER PASO; JULIE PASO; JAMES PHILLIPS; JOANN PHILLIPS; DOUG RANGLACK; LOUIS SASSALI; JOANN MARGULIES SMITH-SUGGS; SHELIAH A. WILLIAMS; BENJAMIN B. WONG; PUA'ALA WONG,

Third-Party-Defendants,

and

NEW CENTURY BUILDERS, INC.; KENNETH E. NORTH; PARADISE VIEW RANCH MIRAGE, LLC; GILGER HOMES, LLC, KIRK GILGER; SUNDANCE MORTGAGE; THE ARTISAN GROUP, LLC, DBA, Artisan Development Group; EHLINE CO.,

Defendants-Cross-Claim Defendants.

2

-------------------------

NATIONAL CREDIT UNION
ADMINISTRATION, as liquidating
agent for New Horizons Community
Credit Union,

    Amicus Curiae.

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**(D.C. No. 08-CV-00955-WYD-CBS)**

Austin D. Garner, Garner Law Office, Petaluma, California (Henry A. Cirillo and
Rachel M. Dollar of Smith, Dollar, PC, Santa Rosa, California, with him on the
briefs), for the Plaintiff-Appellant.

Alan D. Sweetbaum, Sweetbaum, Sands, Anderson, P.C., Denver, Colorado, and
Jeffrey M. Lippa, Greenberg Traurig, LLP, Denver, Colorado (Joshua D.
McMahon of Sweetbaum, Sands, Anderson, P.C., Denver, Coloardo, and William
Depuy, Denver, Colorado, with them on the brief), for the Appellees.

Donald D. Allen and Devi C. Yorty of Markus, Williams, Young & Zimmermann,
LLC, Denver, Colorado; John K. Ianno, Associate General Counsel, National
Credit Union Administration, Alexandria, Virginia; and Robert Roach, Senior
Trial Attorney, Asset Management and Assistance Center, National Credit Union
Administration, Austin, Texas, filed a brief for Amicus Curiae.

Before **KELLY**, **BACHARACH**, and **PHILLIPS**, Circuit Judges.

**KELLY**, Circuit Judge.

    Plaintiff-Appellant, Security Service Federal Credit Union ("SSFCU"),

appeals from the district court's summary judgment in favor of Defendants-

3

Appellees, including First American Mortgage Funding, LLC ("FAM") and First American Mortgage, Inc., (together, the "FAM Defendants"); and Stewart Title of California, Inc., Orange Coast Title Company of Southern California, and Lawyers Title Company (together, the "Closing Agents"). 11 Aplt. App. 3003; Sec. Serv. Fed. Credit Union v. First Am. Mortg. Funding, No. 08–cv–00955–WYD–CBS, 2013 WL 1151617 (D. Colo. Mar. 20, 2013). The district court held that SSFCU was not a proper plaintiff to assert the claims set forth in its Fourth Amended Complaint and dismissed those claims with prejudice. Sec. Serv., 2013 WL 1151617 at *6. Our jurisdiction arises under 28 U.S.C. § 1291,[1] and we reverse.

## Background

In August 2003, SSFCU's predecessor in interest, New Horizons Community Credit Union ("New Horizons"), entered into a Funding Service Agreement with FAM, under which FAM originated 26 loans to individual borrowers for the purchase and construction of residential properties in Colorado

---

[1] Although we asked for briefing on the finality of the district court's amended final judgment, we agree with the parties that the district court intended to and did dismiss the underlying case in its entirety. See Sarkar v. McCallin, 636 F.3d 572, 574–75 (10th Cir. 2011) (treating the judgment as if it were amended to reflect the district court's clearly expressed intention). Certain claims which the district court did not address were wholly contingent upon SSFCU prevailing in the district court.

4

and California.  The Closing Agents performed closing procedures.  Briefly, SSFCU contends that the FAM Defendants and Closing Agents, through a variety of acts and omissions, wrongfully induced New Horizons to fund these loans to straw borrowers.  SSFCU further contends that the loan transactions were a vehicle to misappropriate some $14 million in loan proceeds.

This appeal concerns whether SSFCU has the right to pursue those claims pursuant to a 2007 Purchase and Assumption Agreement ("PAA") between SSFCU and the National Credit Union Administration ("NCUA"), as the liquidating agent for New Horizons.  5 Aplt. App. 1281–92.  Both the NCUA and SSFCU contend that under the terms of the PAA, the NCUA transferred the "right, title and interest," 5 Aplt. App. 1285, ¶ 5, in the loans and various other assets to SSFCU, and this includes the claims at issue.  As the parties to the agreement, the NCUA and SSFCU are united in their understanding that a transfer of "the right, title and interest" in the loans was intended to transfer any and all claims relating to those loans.  5 Aplt. App. 1317–18, ¶ 4; Aplt. Br. 28–30; Amicus (NCUA) Br. 12–13.

On the other hand, the PAA also provides that "except as otherwise specifically provided" the NCUA retained the "the sole right to pursue claims . . . and to recover any and all losses incurred by the Liquidating Credit Union prior to liquidation."  5 Aplt. App. 1285, ¶ 6.  According to the

Defendants, absent a valid assignment from the NCUA, SSFCU cannot sue on the claims contained in its Fourth Amended Complaint. Aplee. Br. 16.

The district court agreed with the Defendants. Relying upon the titles of various provisions in the PAA,[2] the district court reasoned that the "right, title and interest" language dealt exclusively with the transfer of assets, and the "sole right to pursue claims" language dealt exclusively with the retention of claims arising prior to liquidation. Sec. Serv., 2013 WL 1151617 at *3. In response to SSFCU's contention that the PAA transferred to it all the books and records necessary to pursue these "claims," the district court noted that it also granted the NCUA unconditional access to such documents, and required SSFCU to cooperate in any investigation of New Horizons and assist with any bond claims. Id., 2013 WL 1151617 at *4–5. According to the district court, the NCUA retained all claims associated with New Horizons' losses, it could rely upon the cooperation of SSFCU in pursuing those claims, and, therefore, SSFCU was not a proper party to pursue those claims. Id., 2013 WL 1151617 at *5. The district court did not address an affidavit from the NCUA (through its agent) that cast considerable doubt on its interpretation. 5 Aplt. App. 1317–18.

## Discussion

---

[2] The PAA provides that section headings are for convenience and are not to affect the "meaning or interpretation" of the PAA. 5 Aplt. App. 1291, ¶ 17(b).

On appeal, we review de novo the district court's grant of summary judgment to determine whether any disputed material facts existed and whether the Defendants were entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Holmes v. Colo. Coal. for the Homeless Disability Plan, 762 F.3d 1195, 1199 (10th Cir. 2014). In this case, the PAA clearly provides that federal statutory, case and common law controls, and, in its absence, Colorado law. 5 Aplt. App. 1292, ¶ 19(a). Although the Defendants contend that California's law of assignment applies, Defendants must rely upon the PAA in support of their theory, and the PAA should be interpreted in conformity with its choice-of-law provision. See 11 Aplt. App. 2889.

We think this case is easily resolved on the basis that the Defendants, who are neither parties to nor third-party beneficiaries of the PAA, lack standing to impose their interpretation of it on the parties who are in agreement as to its meaning.

JP Morgan Chase Bank, N.A. v. First American Title Insurance Company, 795 F. Supp. 2d 624 (E.D. Mich. 2011), aff'd 750 F.3d 573 (6th Cir. 2014), considered an analogous situation. There, the Federal Deposit Insurance Corporation ("FDIC"), as receiver for Washington Mutual ("WaMu"), sold the majority of WaMu's assets, including a residential loan, to JPMorgan Chase Bank ("Chase") pursuant to a PAA. Chase sued First American for breach of contract and fraud on the underlying title policy it had acquired under the PAA. The FDIC

7

intervened and sued First American to enforce a related closing protection letter ("CPL") issued to WaMu. The FDIC and Chase stipulated that, under the PAA, Chase had <u>not</u> acquired the CPL claim. First American argued that the FDIC lacked standing to assert a claim under the CPL because the FDIC ostensibly sold the CPL claim to Chase when it conveyed the title policy. Based upon its reading of state law and the stipulation between the FDIC and Chase, the district court held that First American could not escape "the well-established rule that a stranger to a contract has no standing to challenge the parties' mutual understanding of their own contract." <u>Id.</u> at 632.

On appeal, a Sixth Circuit panel concluded that the district court should have relied upon federal law to reach the same result because the PAA had a federal choice-of-law provision. <u>JP Morgan Chase Bank, N.A. v. First Am. Title Ins. Co.</u>, 750 F.3d 573, 580–81 (6th Cir. 2014). The PAA also prohibited any construction that gave non-parties rights, remedies, or claims under the PAA. <u>Id.</u> at 581. Under federal law, a plaintiff or intervenor who is not a party to, or a third-party beneficiary of, such a PAA lacks prudential standing to enforce its terms as part of the plaintiff or intervenor's claim. <u>Id.</u> (citing <u>Hillside Metro. Assocs. v. JP Morgan Chase Bank, Nat'l Assoc.</u>, 747 F.3d 44, 48–50 (2d Cir. 2014) (applying federal common law)). The Sixth Circuit applied this reasoning "to a defendant who attempts to defend against a claim by asserting a legal right belonging to a third party." <u>Id.</u> at 580–81. "Because First American is neither a

8

party to nor a third-party beneficiary of the [PAA], it lacks prudential standing to challenge the FDIC's and Chase's understanding of their own contract." Id. at 582.

We agree with that rationale. The Defendants are neither parties to (or in privity with any party to) nor third-party beneficiaries of the PAA. The PAA provides that "[n]othing expressed or referred to herein is intended or shall be construed to give any person other than the Assuming Credit Union [SSFCU] and the Liquidating Agent [NCUA] any legal or equitable right, remedy, or claim." 5 Aplt. App. 1292, ¶ 18. It further provides that "[a]ll conditions and provisions of this Agreement are for the sole benefit of the Assuming Credit Union [SSFCU] and the Liquidating Agent." Id. The PAA reflects no intent to benefit the Defendants, let alone allow them to enforce it. Essentially, the Defendants are seeking to enforce a right they contend the NCUA has—an exclusive right to the claims asserted by SSFCU[3]—which is contrary to the doctrine of prudential standing. JP Morgan Chase, 750 F.3d at 581; Deutsche Bank Nat'l Trust Co. v. FDIC, 717 F.3d 189, 194 (D.C. Cir. 2013).

Urging us to reject the Sixth Circuit's holding, Defendants argue that (1) the NCUA is not a party to this action, (2) there is no stipulation between SSFCU and the NCUA concerning the right to pursue claims, (3) the FDIC and the NCUA

_____

[3] As noted, the NCUA through its agent and amicus brief, rejects such an interpretation of the PAA.

are regulated under different statutory schemes, (4) SSFCU bears the burden of demonstrating standing, and (5) this court is not bound by precedent of other circuits.

We are not persuaded. Our result does not turn on the NCUA's status as a party to the underlying action. SSFCU and the NCUA are in agreement concerning the right to pursue claims under the PAA; no evidence or argument suggests otherwise. The fact that the FDIC and NCUA are regulated under different statutory schemes is not relevant given the language of the PAA and prudential standing. Finally, though we are not bound by the precedent of the Sixth Circuit, we are persuaded that it has analyzed this point correctly.

REVERSED.